# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| REBECCA EGGELSTON, on Behalf of Herself and All Other Employees Similarly Situated | § § § § | |
| Plaintiffs, | § § | Civil Action No. H-09-3529 |
| V. | § § | JURY TRIAL |
| SAWYER SPORTSBAR, INC. | § § § | |
| Defendant. | § | Collective Action |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES plaintiff, Rebecca Eggelston, on behalf of herself and all other employees similarly situated, and files her original complaint.

## A. Parties

1.  Plaintiff, Rebecca Eggelston, is an individual and a Texas resident. Eggelston consents to the filing of this collective action. *See* Notice of Consent, attached as Exhibit A.

2.  Defendant, Sawyer Sportsbar, Inc., a Texas corporation, may be served with process by serving its registered agent, Darren Van Delden, 9675 Rochelle, San Antonio, Texas 78240.

## B. Jurisdiction and Venue

3.  The court has jurisdiction over the subject matter of this action under 28

U.S.C. § 1331 and 29 U.S.C. § 216(b) as this claim involves violations of the Fair Labor Standards Act (FLSA).

4. Venue is proper in the Southern District of Texas, Houston Division as a substantial part of the events or omissions giving rise to this claim occurred in the Southern District of Texas.

### C. Facts

5. Eggelston and other similarly situated employees of defendant who worked as bartenders were not paid their agreed hourly wage, were unlawfully required to participate in a tip pool with employees who do not customarily and regularly receive tips, and were not paid for hours worked in excess of forty hours per week.

6. Eggelston was a tipped employee and defendant agreed to pay her $2.13/hour plus tips.  However, Eggelston was not paid for regular hours worked, was required to share her tips with non-service personnel who do not customarily and regularly receive tips, and was not paid for overtime hours worked.

7. Defendant failed to pay Eggelston her agreed hourly wage. Defendant also required Eggelston and other tipped employees to include managers and door "bouncers" in their tip pool.  Defendant failed to display the notice required by the FLSA for tipped employees.  As a result, defendant is disqualified from the "tip credit" under the FLSA and must reimburse Eggelston and the other tipped employees for tip credit unlawfully deducted from their wages. Defendant also failed

to pay Eggelston for the overtime hours she worked.

8.     As a tipped employee, Eggelston may pool her tips among employees who customarily and regularly receive tips. 29 U.S.C. § 203(t). However, Eggelston was required to pool his tips with managers and door "bouncers," employees that do not customarily and regularly receive tips. Defendant's practice failing to pay plaintiff for her hours worked and requiring Eggelston to pool her tips with employees who do not customarily and regularly receive tips are violations of the FLSA.

9.     The illegal pattern or practice on the part of defendant with respect to failing to pay plaintiff hours worked and tip pooling for plaintiff were in violation of the FLSA. No exemption excuses defendant from paying plaintiff her hours worked nor the tips she earned, nor has defendant made a good faith effort to comply with the FLSA. Rather, defendant knowingly, willfully or with reckless disregard, carried out its illegal pattern or practice regarding failing to plaintiff for hours worked, tip pooling and the payment of tips to Eggelston.

10.    The illegal pattern or practice on the part of defendant with respect to overtime compensation for Eggelston was in violation of the FLSA. No exemption excuses defendant from paying Eggelston her overtime rate for overtime hours worked, nor has defendant made a good faith effort to comply with the FLSA. Rather, defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation and the payment of wages to Eggelston.

### D. FLSA Violations / Collective Allegations

11. The foregoing facts demonstrate that defendant has wilfully violated the Fair Labor Standards Act with regard to plaintiff and all other similarly situated employees. Defendant employs other bartenders that perform the same or similar duties performed by plaintiff. Like plaintiff, the other employees were not paid for hours worked, were required to pool their tips with employees who do not customarily and regularly receive tips, and were not paid overtime. Defendant failed to pay the similarly situated employees in the same manner it failed to pay plaintiff. These workers are entitled to payment for all hours worked and tipped wages for all unpaid tip credit.

### E. Damages

12. The FLSA violations of the defendant give rise to the following damages: back wages, liquidated damages, prejudgment interest, and attorney fees.

### F. Demand for Jury Trial

13. Plaintiff, Rebecca Eggelston, asserts her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### G. Prayer

14. WHEREFORE, plaintiff respectfully requests judgment be entered in her favor awarding her:

    a.    Payment for all hours worked;

    b.    Tipped wages for all unpaid tip credit;

    c.    An equal amount as liquidated damages as allowed under the FLSA;

    d.    An injunction against future violations;

    e.    Pre and post-judgment interest as allowed by law;

    f.    Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

    g.    Such other and further relief as may be required by law.

Respectfully submitted,

By: /s/ Albert T. Van Huff
ALBERT T. VAN HUFF
Texas Bar No. 24028183
Souther District No. 26968
1225 North Loop West, Suite 640
Houston, Texas 77008
Tel. (713) 880-2992
Fax (713) 880-5297

ATTORNEY-IN-CHARGE FOR
PLAINTIFF

OF COUNSEL:

MONSHAUGEN & VAN HUFF, P.C.
1225 North Loop West, Suite 640
Houston, Texas 77008
Tel. (713) 880-2992
Fax (713) 880-5297