**IN THE UNITES STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **REBECCA EGGELSTON, on Behalf** | § | |
| **of Herself and All Other Employees** | § | |
| **Similarly Situates** | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. H-09-3529** |
| **v.** | § | **JURY TRIAL** |
| | § | |
| **SAWYER SPORTSBAR, INC.** | § | |
| **Defendant.** | § | **Collective Action** |
| | § | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR NOTICE TO PUTATIVE CLASS MEMBERS**

TO THE HONORABLE JUDGE GRAY MILLER:

**I. SUMMARY**

Plaintiff brings this collective action against Sawyer Sportsbar, Inc. for allegedly failing to pay their servers minimum wages as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. This contention, however, is at best inaccurate and untrue. Defendants have not found a single instance where the defendant business ever failed to pay any employee well in excess of the minimum wage.

Next, Plaintiffs claim that the Defendant employer failed to adhere to the "tip credit" requirements contained in Section 3(m) of the FLSA by requiring their servers to contribute to an allegedly "invalid tip pool". Plaintiff further contends that because defendant applies their tip pool policy uniformly to all of their servers, Eggelston, and all similarly situated employees are entitled to their unpaid minimum wages (of which there are none due), liquidated damages, attorney fees and costs, and that the other similarly situated employees should receive court-approved notice of this action.

There is a significant threshold problem with plaintiff's suit.  Plaintiff (and the servers who are seeking to opt in to this suit) have not triggered the FLSA's requirement of showing a minimum wage violation.  It is for this reason that the Defendant employer believes that this action should **not** be conditionally certified and therefore should **not** proceed to the notice stage at this time, if at all.

## II. FACTUAL BACKGROUND

Defendant Sawyer's Sportsbar, Inc. is a Sports Bar located in Houston, Texas. Plaintiffs (and the other servers who are seeking to opt in to this suit) were employed as servers or bartenders.  Plaintiffs are tipped employees. The defendant paid Eggleston (and the other bartenders) a direct wage of $2.13 per hour plus a portion of the tips she received from Bar patrons. That is, the defendant took a 'tip credit' against their minimum wage obligations as they are permitted to do under the FLSA. 29 U.S.C. § 203(m).  Each server then authorized their employer to withhold a certain percentage for the other employees such as bar backs and table bussers.

The defendant employer asked only tipped employees to contribute to the tip pool at issue from which other "customarily tipped employees" would draw. 29 U.S.C. § 203(m). Eggleston's contention that she and other servers had to share their tips with "bouncers" or "door men", who for FLSA purposes, were not eligible to participate in the tip pool is incorrect and inaccurate. Bouncers and doormen did not participate in the tip pool.

## III. ARGUMENT AND AUTHORITY

### A. The FLSA  Does Not Authorize a Collective Action under These Facts [Restated]

The FLSA must first be triggered by a non-frivolous allegation that employees were not paid their minimum wages in order for employees to have the right to bring an action "for and in behalf of ... themselves and other employees similarly situated." 29 U.S.C. § 216(b). Federal courts in Texas have recognized that plaintiff's alleging "tip pool" violations must show that, in order for a plaintiff to have a cognizable cause of action, plaintiff must show that he or she failed to receive minimum wages during his or her employment.  Eggleston cannot do this and the opt in claimants likewise cannot show this through competent, non-conclusory evidence because they were at all times paid well in excess of the minimum wage.

### B. The Legal Standard (Similarly Situated) Has Not Been Met [Restated]

#### 1. <u>THE SHUSHAN METHOD</u>

As this Court well knows the Fifth Circuit has identified two different procedures used by courts to determine whether to facilitate notice. ***Mooney v. Aramco Services, Co., 54 F. 3d 1207, 1213 (5th Cir. 1995)***. The first approach - the ***Shushan*** method - is premised upon a class action filed under Federal Rule of Civil Procedure 23 and requires that the trial court analyze the request for notice by determining whether "numerosity," "commonality," "typicality" and "adequacy of representation" has been met. ***Mooney***, 54 F. 3d at 1214 ***(citing Shushan v. University of Colorado, 132 F.R.D. 263 (D. Colo. 1990)***. If the case at bar is analyzed in accordance with these requirements, the case fails because the defendant employer does not have sufficient employees to satisfy the numerosity requirement.

## 2. THE LUSARDI METHOD

The second approach -- the "two-step" method -- involves a dual step analysis of the FLSA § 16(b)'s "similarly situated" requirement. *Mooney*, 54 F. 3d at 1214. The two-steps consist of a "conditional certification" decision which is triggered by non-frivolous claims of a minimum wage violation.  This is followed by a more rigorous certification decision after discovery is complete. *Mooney*, 54 F. 3d at 1214. But once again the plaintiff has simply not met the threshold requirements for suit by showing a violation of the minimum wage laws.

## 3. LUSARDI METHOD ADOPTED BY FIFTH CIRCUIT

In this Circuit, the Court has tended to favor the two-step method. *See Price v. Maryland Cas. Co., 561 F. 2d 609, 611 (5th Cir. 1977)*; *see also Donovan v. University of Texas at El Paso, 643 F.2d 1201, 1206 (5th Cir. 1981)*. Other appellate courts have likewise approved of the two-step method developed in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See, e.g., Theissen*, *267 F. 3d at 1105; Hipp v. Liberty Nat'l Life Ins. Co., 252 F. 3d 1208, 1219 (11th Cir. 2001)*.[1] Under this approach, the district court makes an early decision as to whether notice of the action should be given to potential class members based on a preliminary showing of similar situations. *Mooney*, 54 F. 3d at 1214. In the case at bar plaintiff Eggelston was a bartender and the other claimants were not; therefore, the situations were not similar.

## C. When Are Potential Class Members "Similarly Situated"?

---

1. The two-step method is becoming "the prevailing test among the federal courts .... *" Barnett v. Countrywide Credit Industries, Inc., 2002 WL 1023 161, at *2 (N.D. Tex. May 2 1, 2002).*

"Similarly situated," under § 216(b) of the FLSA provides that class determination is appropriate when there is "a demonstrated similarity among the individual situations ... some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]." *Crain v. Helmrich & Payne Int'l Drilling Co., 1992 WL 91946, *2 (E.D.La. April16, 1992)*(certifying class of workers who were required to perform work prior to and after their paid shifts). Thus, a court can foreclose a plaintiff's right to proceed collectively if as here "the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice." *Id*.; *see also Wyatt v. Pride Offshore, Inc., 1996 WL 509654, *2 (E.D.La. Sept. 6, 1996)*. In making this determination, "the district court should satisfy itself that there are other employees ... who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. Fla. Dept. of Corr., 942 F.2d 1562, 1567-68 (11th  Cir. 1991)*.

Although the Court may not require as rigorous a standard at the notice stage of a collective action, the case law makes it clear that the aforementioned threshold issues should be determined and the record "sufficiently developed ... to allow court-facilitated notice" based upon "substantial allegations." *Id*; *see also Church v. Consolidated Freightways, Inc., 137 F.R.D. 294 (N.D. Cal. 1991)*, or "some factual support." *Belcher v. Shoney's Inc., 927 F.Supp. 249,251 (M.D. Tenn. 1996)*. Thus, the court's decision is made and is "based only on the pleadings and any affidavits which have been submitted."  *Mooney*, 54 F. 3d at 1214. The plaintiff's problem here is that she was simply not privy to the type of (tip pool) information necessary to establish the FLSA violation claimed. Moreover, the plaintiff and the claimants who have opted in to this suit have not even addressed this issue but rather would like this Court to assume these facts are

true and accurate without any foundation whatsoever.

**D.**     **The Question of Notice to Potential Class Members Cannot Be Reached Prior To Determining Whether The FLSA Has Been Triggered By Failure To Pay Minimum Wages To Employees**

In this case, Eggleston's complaint provides conclusory allegations regarding the existence of Defendant's allegedly illegal payment practices. Plaintiff has no personal knowledge about how the tip pool was administered by Defendant, or whether such practice was uniformly and consistently applied to all members of the class. *Id*. Accordingly it would be error for this Court to approve notice on such conclusory statements or "solely on the allegations in the Plaintiffs' complaint" as suggested by the plaintiff.

Moreover, the infirmities in Plaintiff's Complaint are not based on the personal knowledge of the plaintiff but rater are based on hearsay within hearsay with regard to the proposition that there are other servers who may wish to 'opt-in' and that they are "similarly situated" as to their job requirements and pay provisions. Therefore, this Court should permit discovery by the parties prior to ruling on whether to grant conditional certification. *Butler v. San Antonio*, 2003 WL 22097250 (N.D. Tex. Aug. 21,2003). *See also, Crain, 1992 WL91946 (ED. La.); Whitworth v. Chiles Offshore Corp., 1992 WL 235907 (B.D. La. Sept 2, 1992)*.

**1.**     *Plaintiff has not shown that  There are Other Similarly Situated Employees Who May Desire to Opt In.*

Once again, plaintiff has confused conclusory allegations with actual probative facts when Eggleston states that she has spoken with other servers who were  similarly affected by the tip pool policy, and that others may desire to opt-in. The actual facts are that Eggleston has maligned the defendants to any former, disgruntled employee she could find. The defendants are convinced that upon closer examination it will be determined that the claimants who have 'opted

in' were mislead by Eggleston on what was occurring at the defendant's business.

    **2**.    *The Other Potential Class Members are not Similarly Situated With Respect to Their Job Requirements and Pay Provisions.*

While courts look to similarity in working conditions in evaluating the similarly situated issue, similarity in job duties is of substantially less significance where the employees at issue are admittedly non-exempt. *See Harper v. Lovett's Buffet, Inc., 185 F.R.D. 358,364 (M.D. Ala. 1999)*. Because no inquiry must be made into the relevant job duties to determine whether an exemption from the minimum wage requirements exists, "the plaintiff has not demonstrated that she and the putative plaintiff class members' employment positions, were similar." *Id*. "*Donohue v. Francis Services, Inc., 2004 WL 1161366, *3 (E.D. La. May 2004)*( citations omitted).

This is of critical importance because plaintiff is contending that all of Defendant's servers were paid less than minimum wage and required to contribute to the invalid tip pool, thus triggering Defendants' obligation to pay the full minimum wage for each hour worked and forego the FLSA's tip credit. The tip pool would only be invalid if management required all servers to contribute a share of their tips with employees or others who were "bouncers" or "doormen" or other employees who are not customarily tipped employees.

    *3*.    *Eggelston Has Not Carried Her Burden of Demonstrating a Reasonable Basis for a Collective Action.*

It is for the foregoing as well as the following reason that Collective action and notice to the class is not warranted here, as Plaintiff has not demonstrated a "reasonable basis" for the class allegations. *See Grayson, 79 F .3d at 1097*. Here, Plaintiff has provided only conclusory allegations not based on her personal knowledge in her complaint and has not supported the allegations in her declaration.

For example,

> Eggleston's claims, about common job requirements, pay provisions, and Defendants' policy of paying its servers less than the minimum wage; are mere conclusions which could not possibly be based on personal knowledge.

Accordingly, Eggleston has provided no usable, probative evidence that Defendant's had or has an "illegal policy of requiring its bartenders to tip out non- tipped employees" much less that this applied to all of Defendants' servers.

Such a showing that employees are similarly situated and subject to a uniform policy is absolutely required before authorization of a collective action and notice to all who worked as servers for  Defendants during the last two (2) years. *Cf. Baum v. Shoney 's Inc., 1998 U.S. Dist. LEXIS 21484, *3,5 Wage & Hour Cases 2d (BNA) 127 (M.D. Fla. 1998)*.

Accordingly, notice should not be sent at this time, if at all:

No classes have ever been approved by courts in the Fifth Circuit on conclusory allegations not based on personal knowledge. *See*, e.g., *Ortiz v. Rain King, Inc., 2003 WL 23741409, *1 (S.D. Tex. Mar. 10,2003)* (granting notice to all current and former employees within a three-year period who were paid straight time for overtime); *Alba v. Madden Bolt Corp., 2002 WL 32639827, * 1 (S.D. Tex. June 5,2002)* (granting notice to all current and former hourly employees within a three-year period); *Aguilar v. Complete Landsculpture, Inc., 2004 WL 2293842, *6 (N.D. Tex. Oct. 7, 2004)*(granting notice to all former and current employees paid a set amount for ten-hour "blocks").

Further, please note that the plaintiff's proposed notice assumes that the alleged FLSA "violations" have already been adjudicated by the Court. This effectively deprives the defendant of any meaningful opportunity to defend itself.

**E. The Need for Expedited Action**

The fact that when additional plaintiffs file their consents with the court, the filing does not "relate back" to the original filing date of the complaint for the purposes of the statute of limitations is no basis for this Court to authorize a bogus collective action and notice to putative class members. 29 U.S.C. § 256.  If the plaintiff has obtained four (4) well informed consents to join this action he should have little trouble in meeting his evidentiary burdens for authorization of a collective action and issuance of appropriable notice. Instead, plaintiff is asking this Court to make wholly supported leaps of faith.

## IV. CONCLUSION

Eggleston has not met her burden for the issuance of court-approved notice. She has offered nothing more than conclusory allegations which are unsubstantiated by fact. Accordingly, Defendant  respectfully requests that the Court: 1) deny conditionally certification in  this case as a collective action; 2) deny plaintiff's issuance of notice in the form proposed; and all other relief requested by plaintiff.

Respectfully submitted,

*/s/ Edward L. Piña*
**EDWARD L. PIÑA**
Attorney at Law
State Bar No.  16011352
**Edward L. Piña & Associates, P.C.**
*The Ariel House*
8118 Datapoint Drive
San Antonio, Texas  78229-3268
(210)  614-6400 Telephone
(210)  614-6403 Telecopier

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the foregoing Defendants' Response in

Opposition to Plaintiff's Motion for Notice of Putative Class Members was forwarded via

telephonic document transfer and/or First Class Mail, or Certified Mail, Return Receipt

Requested on the following:

> Albert T. Van Huff
> Texas Bar Number 24028183
> Souther District Number 26968
> 1225 North Loop West, Suite 640
> Houston, Texas 77008
> (713) 880-2992 Telephone
> (713) 880-5297 Facsimile

on this  5th  day of March, 2010.

*/s Edward L. Piña*
**EDWARD L. PIÑA**

**IN THE UNITES STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **REBECCA EGGELSTON, on Behalf** | § | |
| **of Herself and All Other Employees** | § | |
| **Similarly Situates** | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. H-09-3529** |
| **v.** | § | **JURY TRIAL** |
| | § | |
| **SAWYER SPORTSBAR, INC.** | § | |
| **Defendant.** | § | **Collective Action** |
| | § | |

## ORDER

On this day came on to be considered the Plaintiff's Opposed Motion for Notice to

Potential Class Members and  Defendant's Response to Plaintiff's Motion.  It appearing that

good cause has been shown it is hereby ORDERED that the Plaintiff's Motion is DENIED and

that notice may not be granted to potential class members.

IT IS SO ORDERED

SIGNED and ENTERED this _____ day of _____ 2010.

**JUDGE GRAY MILLER**
**UNITED STATES DISTRICT JUDGE**